IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAPISTAN SYSTEMS ADVERTISING CORP. and SIEMENS DEMATIC CORP., )<br><br>Plaintiffs, )<br><br>v. )<br><br>SK DAIFUKU CORPORATION, )<br><br>Defendant. ) | A03CA 682 LY<br><br>Civil Action No. _____ |

## COMPLAINT

Rapistan Systems Advertising Corp. and Siemens Dematic Corp. hereby complain of SK Daifuku Corporation, and allege as follows:

### THE PARTIES

1. Rapistan Systems Advertising Corp. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 425 Plymouth Avenue, N.E., Grand Rapids, Michigan, 49505-6098 (hereinafter "Rapistan").

2. Siemens Dematic Corp. is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 507 Plymouth Avenue, N.E., Grand Rapids, Michigan, 49505-6098 (hereinafter "Siemens").

3. SK Daifuku Corporation, upon information and belief, is a corporation organized and existing under the laws of the State of Utah, and having a

principal place of business at 5202 Douglas Corrigan Way, Salt Lake City, Utah, 84116-3191 (hereinafter "Daifuku" or "Defendant").

4. Daifuku, upon information and belief, is doing business within the State of Texas and within the Western District of Texas, and is engaged in continuous and systematic business within the Western District of Texas, and including the commission of acts of infringement as hereinafter stated.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1, *et seq*.

6. This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## BACKGROUND ALLEGATIONS

7. On July 7, 1992, United States Letters Patent No. 5,127,510 was duly and legally issued to Siemens' predecessor, Rapistan Demag Corporation, as owner by assignment thereof, for an invention entitled "Modular Diverter Shoe and Slat Construction." A true and correct copy of United States Patent No. 5,127,510 is attached hereto as Exhibit 1 (hereinafter the "'510 Patent").

8. Rapistan is the current owner by assignment of all right, title, and interest in and to the '510 Patent. Siemens is the exclusive licensee of the '510 Patent and maintains the right to sue, and recover for past, present, and future infringement thereof.

9. Plaintiffs and their predecessors have caused the required statutory notice to be placed on all products manufactured and sold by them under the '510 Patent.

## COUNT I

### INFRINGEMENT OF UNITED STATES PATENT NO. 5,127,510

10. Plaintiffs incorporate and reassert paragraphs 1-9 herein by reference.

11. Daifuku has, on information and belief, in the past been and still is infringing United States Letters Patent No. 5,127,510 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating conveying systems and diverter shoes for use in conveyor systems embodying the patented inventions of the '510 Patent.

12. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '510 Patent, Defendant has provided conveying systems and diverter shoes for use in conveyor systems to at least one third party for use in infringement of the '510 Patent. Use by third parties of the aforesaid conveying systems and diverter shoes for use in conveyor systems obtained from or through Daifuku, upon information and belief, infringes the '510 Patent. The actions of Daifuku constitute inducement of infringement of United States Letters Patent No. 5,127,510.

13. Upon information and belief, Daifuku imports, sells, and/or offers to sell conveying systems, diverter shoes for use in conveyor systems, and/or

3

components thereof with knowledge and/or reckless disregard amounting to knowledge that said products and/or components thereof constitute a material part of the invention of the '510 Patent and that are specially made or specially adapted for use in the infringement of the '510 Patent, and said conveying systems and diverter shoes for use in the conveyor systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Daifuku constitute contributory infringement of United States Letters Patent No. 5,127,510.

14.     Despite any statement to the contrary, upon information and belief, Daifuku will continue to infringe, contributorily infringe, and induce infringement of the '510 Patent unless enjoined by this Court.

15.     Upon information and belief, Defendant's infringement, contributory infringement, and inducement of infringement have been willful.

16.     Upon information and belief, Defendant's infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiffs and will continue to do so unless enjoined by this Court.

17.     Plaintiffs have no adequate remedy at law and are, therefore, entitled to a permanent injunction prohibiting further infringement by Defendant.

18.     Defendant's manufacture, use, sale, offer to sell, and/or distribution of these products that infringe, contributorily infringe, and induce infringement of the '510 Patent have caused Plaintiffs to suffer damages in an amount not yet determined but which will be proven at trial.

WHEREFORE, Rapistan and Siemens demand that judgment be entered in their favor against Daifuku as follows:

A.  Permanently enjoining Daifuku, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further manufacture, importation, sale, offer for sale, and/or use of a product which infringes, contributorily infringes, or induces infringement of the '510 Patent.

B.  Permanently enjoining Daifuku, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the '510 Patent.

C.  Ordering an accounting.

D.  Awarding damages adequate to compensate Plaintiffs for Defendant's infringement, contributory infringement, and inducement of infringement of the '510 Patent.

E.  Increasing the damages up to three times the amount found or assessed for Defendant's willful acts of infringement.

F.  Awarding prejudgment interest and costs.

G.  Finding this to be an exceptional case and awarding reasonable attorneys' fees to Plaintiffs.

H.  Such other and further relief as is necessary and appropriate.

Dated: September 26, 2003

/s/ Herbert J. Hammond
Herbert J. Hammond
Texas State Bar No. 08858500
George C. Chapman
Texas State Bar No. 04123000
Darin M. Klemchuk
Texas State Bar No. 24002418
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (fax)

Attorneys for Plaintiffs Rapistan Systems Advertising Corp. and Siemens Dematic Corp.

Of Counsel:

Daniel Van Dyke
Terence J. Linn
VAN DYKE, GARDNER,
LINN & BURKHART, LLP
2851 Charlevoix Drive, S.E.
P. O. Box 888695
Grand Rapids, Michigan 49588-8695
(616) 975-5500
(616) 975-5505 (fax)

000158.000010 1646321.1

6

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED AND CONTAINED IN FOLDER

Civil Case No.        1:03ca682

Rapistan Systems Advertising Corp., et al

VS.

SK Daifuku Corporation

Attachments to
Document #:          1

Description:         Complaint

Filed By:            pla

File Date:           09/26/03